United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARTER OAK FIRE INSURANCE
COMPANY, a Connecticut corporation; and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a Connecticut
corporation,

                Plaintiffs,

  v.

RIMINI STREET, INC., a Nevada corporation;
SETH RAVIN, an individual; and DOES 1
through 10 inclusive,

                Defendants.

                                  /

No. C15-02378 CRB

**ORDER GRANTING MOTION TO
DISMISS FOR IMPROPER VENUE**

    Defendants move to dismiss this action on the grounds that venue is improper in the
Northern District of California. See Mot. to Dismiss ("MTD") (dkt. 12). For the following
reasons, the Court GRANTS the Motion, finds this matter suitable for resolution without oral
argument pursuant to Civil Local Rule 7-1(b), and VACATES the August 21, 2015 hearing.

**I.     BACKGROUND**

    Plaintiffs Charter Oak Fire Insurance Company and Travelers Property Casualty
Company of America (collectively, "Travelers") and Defendants Rimini Street, Inc. and Seth
Ravin dispute the extent of insurance coverage Travelers must provide to Defendants under a
general liability policy and several umbrella liability insurance policies. See Opposition to

**United States District Court**
For the Northern District of California

1  MTD ("Opp'n") (dkt. 17) at 3.  On February 17, 2015, Oracle International Corporation

2  ("Oracle"), a third party, filed a counterclaim against Defendants in Nevada federal court,

3  alleging copyright infringement, violation of the Lanham Act, intentional interference with

4  prospective economic advantage, inducing breach of contract, breach of contract, unfair

5  competition, unjust enrichment, and an accounting.  See MTD Ex. B.  On March 27, 2015,

6  Defendants tendered their defense of Oracle's counterclaim to Travelers, and on May 18,

7  2015, Travelers agreed to defend Rimini under a reservation of rights.  Id. at 4–5.  But on

8  May 28, 2015, Travelers filed the instant action seeking a declaration from this Court that the

9  Oracle counterclaim did not trigger coverage under Defendants' existing insurance policies.

10  See Complaint (dkt. 1).  In response, Rimini filed a state court action in Nevada against

11  Travelers on July 10, 2015, seeking declaratory judgment on the same coverage issues.  See

12  Defendants' Mot. to Abstain and Dismiss, or alternatively, to Stay (dkt. 15) Ex. B.

13       Now pending before the Court are Defendants' (1) Motion to Dismiss for Improper

14  Venue, and Motion to Dismiss Travelers' Equitable Reimbursement Claim, and (2) Motion

15  to Abstain from Exercising Discretionary Jurisdiction and to Dismiss, or alternatively, to

16  Stay this Action.

17  **II.     LEGAL STANDARD**

18       A defendant may move to dismiss a complaint for improper venue pursuant to Federal

19  Rule of Civil Procedure 12(b)(3).  Once a defendant challenges venue, the plaintiff bears the

20  burden of proving that venue is proper in a particular district.  See Piedmont Label Co. v.

21  Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  To meet this burden and satisfy

22  the venue requirements of 28 U.S.C. § 1391(b), the plaintiff must show that a civil action

23  was brought in:

24      (1)    a judicial district where any defendant resides, if all defendants are residents of
        the State in which the district is located;

25

26      (2)    a judicial district in which a substantial part of the events or omissions giving
        rise to the claim occurred; or

27      (3)    a judicial district in which any defendant may be found, if there is no district in
        which the action may otherwise be brought.

28

**United States District Court**
For the Northern District of California

1    When a district court considers a motion to dismiss for improper venue, "the

2    allegations in the complaint need not be accepted as true and the Court may consider

3    evidence outside the pleadings." eBay Inc. v. Digital Point Solutions, Inc., 608 F. Supp. 2d

4    1156, 1161 (N.D. Cal. 2009) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137

5    (9th Cir. 2004)).  If a court finds that venue is improper, it must "dismiss, or if it be in the

6    interest of justice, transfer such case to any district or division in which it could have been

7    brought." 28 U.S.C. § 1406(a).

8    **III.    DISCUSSION**

9    The Court finds that Travelers cannot establish that venue is proper in this district.

10   Therefore, pursuant to 28 U.S.C. § 1406(a), the Court DISMISSES the instant action.

11   **A.      Venue is Improper in this District**

12   **1.      28 U.S.C. § 1391(b)(1)**

13   To satisfy § 1391(b)(1), all defendants must reside in the state where plaintiff filed

14   suit.  But here, defendant Ravin resides in Las Vegas, Nevada. See Ravin Affidavit (dkt. 12-

15   3).  Since residency for natural persons is based on where they are domiciled, see 28 U.S.C.

16   § 1391(c), Travelers cannot establish that Ravin resides in California.  Accordingly, the

17   Court finds that venue is not proper in this district under § 1391(b)(1).

18   **2.      28 U.S.C. § 1391(b)(2)**

19   To establish venue under § 1391(b)(2), Travelers must prove that a substantial portion

20   of the events giving rise to this action occurred in the Northern District of California.

21   Travelers assert that they can meet this burden because Defendants maintain an operations

22   center in this district, and Defendants tendered their defense to the Nevada lawsuit from this

23   California office. See Opp'n at 11–13.  However, this Court has held that "[i]n an insurance

24   coverage action, to establish venue via section [what is now renumbered as 28 U.S.C.

25   § 1391(b)(2)], a court looks to the underlying events for which coverage is sought."

26   Columbia Casualty Co. v. SMI Liquidating, No. C 10-02057 CRB, 2010 WL 3037242, at *3

27   (N.D. Cal. July 30, 2010) (quoting Carolina Casualty Co. v. Data Broadcasting Corp., 158 F.

28   Supp. 2d 1044, 1047 (N.D. Cal. 2001)).  In this case, the underlying event for which

3

**United States District Court**
For the Northern District of California

1   Defendants seek coverage is Oracle's counterclaim in the Nevada lawsuit.  See SMI

2   Liquidating, 2010 WL 3037424, at *3 (finding venue improper where "the 'underlying event

3   for which coverage is sought' by Defendant—i.e., the 'Pain Pump' lawsuits—occurred

4   outside of the Northern District").  Oracle brought the counterclaim in Nevada because

5   Rimini and Ravin "directed their activities at Nevada" and engaged in allegedly unlawful

6   conduct there.  MTD Ex. B ¶¶ 12, 20; cf. Carolina Casualty, 158 F. Supp. 2d at 1047 (finding

7   that, although contacts were "far from pervasive", venue was proper because the website and

8   conduct at issue in the underlying suit were in the Northern District of California).

9   Therefore, because the underlying lawsuit for which Defendants seek coverage involves

10  conduct in Nevada and was brought in the District of Nevada, Travelers cannot prove that a

11  substantial part of the events giving rise to the instant action occurred in the Northern District

12  of California.  Accordingly, the Court finds that venue is improper in this district under

13  § 1391(b)(2).

14              **3.      28 U.S.C. § 1391(b)(3)**

15          Finally, to satisfy § 1391(b)(3), Travelers must show that the instant action could not

16  have been brought in any other district.  But, as discussed above, the District of Nevada is a

17  proper venue because the counterclaim underlying this insurance coverage action is pending

18  in that district.  Furthermore, both Defendants are Nevada residents, see Complaint ¶¶ 3–4,

19  thereby satisfying § 1391(b)(1).  Accordingly, the Court finds that venue is improper in this

20  district under § 1391(b)(3).

21          **B.      Dismissal**

22          The decision to dismiss or transfer an action is within the sound discretion of the

23  district court.  Martensen v. Koch, 942 F. Supp. 2d 983, 996 (N.D. Cal. 2013); Omnicell, Inc.

24  v. Medacist Solutions Group, LLC, 272 F.R.D. 469, 473 (N.D. Cal. 2011).  In the instant

25  action, neither party favors transfer: Defendants state that dismissal is a more appropriate

26  remedy, see MTD at 8, and Travelers expressly oppose transfer to the District of Nevada, see

27  Opp'n at 14–18.  When, as here, "no party has advocated for transfer, the Court [may] find[]

28  that dismissal is more appropriate."  Omnicell, 272 F.R.D. at 477; see also King v. Russell,

1  963 F.2d 1301, 1304 (9th Cir. 1992) (affirming district court's dismissal because plaintiff

2  expressed no interest in transfer).  Additionally, Travelers can assert their claims as

3  counterclaims in the Nevada state court action brought by Defendants.  See, e.g., Omnicell,

4  272 F.R.D. at 477 (stating that "it would be cleaner, procedurally, to dismiss" a case in the

5  Northern District of California and allow plaintiffs to bring counterclaims in a District of

6  Connecticut case).  Therefore, the Court declines to transfer this action to the District of

7  Nevada and DISMISSES for improper venue.

8  **IV.    CONCLUSION**

9       For the foregoing reasons, the Court VACATES the August 21, 2015 hearing, finding

10  this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b),

11  and GRANTS Defendants' Motion to Dismiss for Improper Venue.  In light of the above

12  ruling, the Court DISMISSES Defendants' Motion to Abstain from Exercising Discretionary

13  Jurisdiction and to Dismiss, or alternatively, to Stay this Action (dkt. 15) as moot.

14       **IT IS SO ORDERED**

15  Dated: August 17, 2015

16                                          CHARLES  R. BREYER
                                            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
For the Northern District of California

5