IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual; and DOES 1 through 10 inclusive,<br><br>    Defendants. | No. C15-02378 CRB<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S ORDER DISMISSING FOR IMPROPER VENUE** |

Now before the Court is Plaintiffs' Rule 59(e) Motion to Alter or Amend the Court's Order Dismissing for Improper Venue. See Plaintiffs' Motion (dkt. 32); Fed. R. Civ. P. 59(e); Dismissal Order (dkt. 31). For the following reasons, the Court finds this matter suitable for resolution without oral argument under Civil Local Rule 7-1(b), VACATES the October 9, 2015 hearing, and DENIES the Motion.

Altering or amending a judgment under Fed. R. Civ. P. 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Alteration or amendment of a judgment is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law. School Dist. No. 1J, Multnomah Cty., Or. v. ACand S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiffs' assert that the Court "misapprehended" their position, see Plaintiffs' Motion (dkt. 32) at 2, when the Court stated that because "no party has advocated for transfer, the Court [may] find[] that dismissal is more appropriate." See Dismissal Order (dkt. 31) at 4–5 (citing Omnicell, Inc. v. Medacist Solutions Group, LLC, 272 F.R.D. 469, 477 (N.D. Cal. 2011)). According to Plaintiffs, they "expressed a clear preference in favor of transfer over dismissal." See Plaintiffs' Motion (dkt. 32) at 2. Prior filings contradict this assertion. The Opposition to Defendants' Motion to Dismiss argued over the course of several pages that transfer was improper, concluding "[t]herefore, Travelers requests that the Court retain jurisdiction over this action by holding that venue is proper . . . and that this Court [should] deny Rimini's Motion to dismiss as well as its request for the transfer of this action to the District Court of Nevada." See Opposition (dkt. 17) at 18. Plaintiffs' thus fail to show that the Court "committed clear error or [that] the initial decision was manifestly unjust." School Dist. 1J, 5 F.3d at 1263.

Furthermore, whether "to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court." See Omnicell, 272 F.R.D. at 472–73 (N.D. Cal. 2011) (citing King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992)). Dismissal was appropriate here for the reasons stated in the August 17, 2015 Order Dismissing for Improper Venue. See Dismissal Order (dkt. 31). The Court thus VACATES the October 9, 2015 hearing, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and DENIES Plaintiffs' Motion to Alter or Amend the Court's Order Dismissing for Improper Venue.

**IT IS SO ORDERED.**

Dated: October 5, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE